IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30820
Summary Calendar
_____

BARBARA KING,

Plaintiff,

versus

GERRY D. BYRNE,

Defendant - Third Party Plaintiff-Appellee,

FERMIN M. FRANCINETTI RIVAS,

Third Party Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Louisiana
USDC No. 95-CV-2044

_____
July 27, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

After reading the briefs and reviewing the record, we have

arrived at the conclusion that the district court's judgment should

be affirmed.  There is no question that federal jurisdiction over

Byrne's third party suit against Rivas existed initially under 28

U.S.C. § 1367, inasmuch as this actions was directly related to

King's action against Byrne.  After settling the case with King,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Byrne amended his complaint against Rivas to allege jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Byrne further alleged that the amount in controversy exceeded the jurisdictional minimum of $50,000. We cannot say that Byrne's allegation in this respect was made in bad faith or that his claim appeared, "to a legal certainty," to be for less than the jurisdictional amount. See de Aguilar v. Boeing Co., 47 F.3d 1404, 1409 (5th Cir. 1995).[1]

Nor can we say that the district court abused its discretion in denying Rivas's motion to dismiss for improper venue. Prior to filing the motion, Rivas had filed other motions to dismiss and for summary judgment. Because he failed to raise improper venue in these earlier motions, he was precluded by Fed. R. Civ. P. 12(g) from raising it in a subsequent motion. See Albany Ins. Co. v. Almacenadora Somex, S.A., 5 F.3d 907, 909 (5th Cir. 1993).

Finally, the district court did not err by failing to apply Puerto Rican law in this case.[2] Rivas argues that, under Puerto Rican law, he established an "extinctive novation" that relieved him of all obligations to Byrne and the partnership. We disagree.

---

[1]Indeed, after a bench trial, the district court ultimately awarded Byrne a judgment of over $52,000.

[2]Byrne argues that Rivas failed to raise the applicability of Puerto Rican law below and, therefore, waived the issue. Because Rivas argued in a motion for summary judgment (three days before trial) that the laws of Puerto Rico applied, we presume he made a sufficient showing in this regard.

2

Assuming the laws of Puerto Rico apply, an extinctive novation requires that the parties to the previous agreement expressly state their intent to terminate the old agreement or that they enter into a new agreement incompatible with the old agreement. See Nieves Domenech v. Dymax Corp., 952 F.Supp. 57, 62 (D.P.R. 1996). "It must be established 'without any trace of doubt.'" Id. (citation omitted).

Rivas's evidence does not meet this burden. It is undisputed that Byrne and Rivas had entered into a partnership with a third individual, Paulick. Later, in February 1995, Rivas and Paulick entered a separate agreement stating that Rivas had sold to Paulick "all his rights, obligations and assets and/or the businesses [subject to the partnership agreement]." Although Rivas argues otherwise, this agreement does not create an extinctive novation. Given that Rivas and Paulick were the only parties to the agreement, we must conclude that it extinguished only Rivas's obligations to Paulick. Under these circumstances, even if Byrne had notice of the agreement and acquiesced in it, we must presume the agreement at most relieved Rivas of his *future* obligations under the partnership, but certainly not his *past* obligations. In short, Rivas has not produced evidence that shows Byrne's intent beyond doubt to extinguish Rivas's obligations to him. Thus, even

3

if Puerto Rican law applies to this case, Rivas is not entitled to relief.

For the foregoing reasons, the judgment of the district court is

A F F I R M E D.